IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EVELLA ENTERPRISES, LLC f/k/a IRA 4 SC, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRIVATE CAPITAL GROUP, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:15-CV-795 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss filed by Defendants Private Capital Group, Inc., Parker Enloe, Doug Shumway, Jared Lucero, Michael Pedersen, and Todd Shumway (collectively, "Defendants"). Plaintiffs have failed to respond to Defendants' Motion and the time for doing so has now passed.

Defendants seek dismissal under Federal Rule of Civil Procedure 4(m). Rule 4(m) states,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Plaintiffs filed their Complaint on November 12, 2015. Now, more than 200 days later, Plaintiffs have not served any Defendant. The Court must first consider whether Plaintiffs have shown good cause for their failure to timely serve Defendants. In order for a plaintiff to show

---

[1] Rule 4(m) was amended in 2015, reducing the time allowed for service from 120 days to 90 days. Even under the prior version of the rule, Plaintiffs have not timely served Defendants.

1

good cause he "must show meticulous efforts to comply with the rule."[2] This means that a plaintiff's inadvertence, negligence, or ignorance of the rules will not constitute good cause for failure to effect timely service.[3] Plaintiffs have not made any attempt to demonstrate good cause and have not even responded to the Motion.

Plaintiffs' "failure to show good cause for a mandatory extension of time does not end the inquiry."[4] "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."[5] At such time, the Court may use its discretion to either dismiss the case without prejudice or grant a permissive extension.[6] In making its determination, the Court considers several guiding factors.[7] Having considered these factors, the Court finds no reason to grant a permissive extension. Instead, the Court will dismiss Plaintiffs' Complaint as against the moving Defendants without prejudice.

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 6) is GRANTED. Plaintiffs' claims against Defendants Private Capital Group, Inc., Parker Enloe, Doug Shumway, Jared Lucero, Michael Pedersen, and Todd Shumway are dismissed without prejudice.

---

[2] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).

[3] *See Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014) (citing *Kirkland*, 86 F.3d at 176); *Despain*, 13 F.3d at 1439.

[4] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[5] *Id.*

[6] *Id.*

[7] *Id.* at 842.

Plaintiffs are ordered to show cause as to why this action should not be dismissed without prejudice as against the remaining Defendants by responding in writing within seven (7) days from the date of this Order.

DATED this 7th day of June, 2016.

BY THE COURT:

Ted Stewart
United States District Judge